```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PAUL PERSON,                        :
                                    :    08 Civ. 7532 (LAP)(DF)
            Petitioner,             :
                                    :    ORDER ADOPTING REPORT &
      v.                            :    RECOMMENDATION
                                    :
ROBERT ERCOLE, Superintendent,      :
Green Haven Correctional Facility,  :
                                    :
            Respondent.             :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

Paul Person ("Petitioner"), proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the April 9, 2003 judgment convicting him after a jury trial of three counts of Robbery in the First Degree in violation of N.Y. Penal Law § 160.15 and two counts of Robbery in the Second Degree in violation of N.Y. Penal Law § 160.10.  Filed on August 1, 2008, Petitioner's writ of habeas corpus challenges his conviction on several grounds: (1) Petitioner alleges he was denied his due process right to a fair trial when the trial court permitted the prosecution to introduce evidence of seven prior uncharged crimes at trial (Petition for Writ of Habeas Corpus, dated Aug. 26, 2008 [dkt. no. 1] ("Petition") at 5); (2) Petitioner alleges he was denied his Sixth Amendment right to confrontation and to present a case in his defense when the trial court excluded

1

video evidence of prior inconsistent statements by witnesses who testified against him (id. at 5-7); and (3) Petitioner alleges he was denied effective assistance of appellate counsel when his attorney failed to raise several claims of ineffective assistance of trial counsel on direct appeal (id. at 7).

On May 23, 2013, Magistrate Judge Debra Freeman issued a Report and Recommendation in which she recommended that the Petition be dismissed. (Report & Recommendation, dated May 23, 2013 [dkt. no. 22].) Subsequently, Petitioner filed his objections to the Report. (Objection to Magistrate Judge's Report & Recommendation, dated Nov. 8, 2013 [dkt. no. 24] (the "Objections").) For the reasons set forth below, this Court adopts the Report and Recommendation in its entirety.

## APPLICABLE LAW

When reviewing a magistrate judge's recommendation to which objections have been raised, a district court conducts de novo review of the magistrate judge's proposed disposition. See FED. R. CIV. P. 72(b). Because Petitioner is proceeding pro se, the Court shall construe his submissions "liberally 'to raise the strongest arguments that they suggest.'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may only consider claims on a petition

2

for writ of habeas corpus for which the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1)(A). Additionally, a federal court will not consider a claim "decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . whether the state law ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 729 (1991). A petitioner who has failed to meet these requirements may only overcome the procedural bar to his petition either by demonstrating cause for failing to exhaust the claim and prejudice resulting from the alleged constitutional error or by establishing that refusal to consider the claims would produce a "fundamental miscarriage of justice." Id. at 750. Even where claims are not procedurally barred, a petition may only be granted where the challenged state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

For the purposes of this Order, the Court presumes familiarity with the relevant facts and procedural history and

3

incorporates the Report and Recommendation's detailed summary for this background. (See Report & Recommendation at 2-20.)

Turning to the substance of the Petition, Magistrate Judge Freeman concluded that both Petitioner's claim challenging the admission of evidence of uncharged crimes and Petitioner's claim concerning the unadmitted video evidence are procedurally barred because the Appellate Division rejected both on independent and adequate state grounds. (See Report & Recommendation at 28.) Given the Appellate Division's rejection of Petitioner's Due Process and Confrontation Clause claims for failure to satisfy the contemporaneous objection preservation requirement under New York law, see N.Y. CRIMINAL PROCEDURE LAW § 470.05(2), this Court agrees with Magistrate Judge Freeman's findings that these claims are procedurally barred from review by this Court. See Coleman, 501 U.S. at 729. Further, this Court agrees that Petitioner has not shown "cause and prejudice" or a "fundamental miscarriage of justice," id. at 750, sufficient to overcome this procedural bar. (See Report & Recommendation at 28-30.)

As to Petitioner's ineffective assistance of appellate counsel claims, Magistrate Judge Freeman correctly concluded that these claims cannot satisfy the standard set out in Strickland v. Washington, 466 U.S. 668 (1984). (See Report & Recommendation at 42-43, 47.) Specifically, the record demonstrates that Petitioner's appellate counsel made the

4

reasonable choice to pursue only Petitioner's strongest claims on direct appeal in lieu of a number of weaker ineffective assistance of trial counsel claims, which cannot be characterized as "significant and obvious." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); see also Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001).

Petitioner raises several objections to the Report and Recommendation, all of which the Court finds to be meritless upon de novo review. First, Petitioner asserts that his due process right would be violated if this Court were to adopt the Report and Recommendation because Magistrate Judge Freeman did not and could not take his Reply Brief into account. (See Objections at 2-3; Report & Recommendation at 20.) As a preliminary matter, however, there is no evidence Petitioner in fact filed a timely reply notwithstanding his assertion to the contrary. Moreover, consideration of a case will not be deferred because of a failure to file a timely reply brief, and, in any event, disposition of a case without the filing of a reply does not violate a litigant's constitutional due process right. Cf., e.g., Al Jaber v. United States, No. 12 Civ. 1212, 2014 WL 3925496, at *6-7 (D. Conn. Aug. 12, 2014) (holding that petitioner's appellate counsel was not constitutionally ineffective for failing to file a reply brief because "Federal Rule of Appellate Procedure 28(c) provides that [t]he appellant

5

may file a brief in reply to the appellee's brief" (emphasis and alteration in original)); Castaldi v. Poole, No. 07 Civ. 1420, 2013 WL 789986, at *11 (E.D.N.Y. Mar. 1, 2013) ("[I]t is hardly clear that a petitioner has a right to file a supplemental reply brief."). In any event, Petitioner attached a copy of his Reply to his Objections, and this Court has considered that brief in the course of its de novo review. Although the arguments presented in Petitioner's Reply do not alter this Court's conclusion that the Report and Recommendation is correct and appropriate, Petitioner has had the opportunity to present those arguments to the Court.[1]

Second, Petitioner objects to the finding in the Report and Recommendation that excluding videos of witnesses' prior statements did not violate his Due Process and Confrontation Clause rights. (See Objections at 3-5.) Although his explicit objection is wholly directed at the Report's analysis on the merits, his Reply brief also challenged the separate finding that this claim is procedurally barred. (See id.; see id. Ex. A

---

[1] The Court notes that Petitioner's Reply disputes the Report and Recommendation's conclusion that his claim concerning the admission of prior uncharged crimes fails on the merits. Because none of his submissions dispute that this claim is procedurally barred, however, the Court will not address this argument at length. The Appellate Division rejected this claim on independent and adequate state law grounds based on New York preservation requirements, which precludes habeas review of this issue. See Coleman, 501 U.S. at 729. Moreover, Petitioner's arguments on the merits do not disturb the conclusion that the trial court's evidentiary ruling complied with state evidentiary rules and does not rise to the level of violating a fundamental constitutional right. See Sierra v. Burge, No. 06 Civ. 14432, 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007).

6

at 9-16.) In this vein, Petitioner argues that the state appellate court applied the New York preservation requirements arbitrarily because his trial counsel's vigorous objections to the ruling preventing the introduction of video evidence "telegraphed his objections implicitly" on constitutional grounds such that the Appellate Division erred in finding the claims unpreserved. (Objections at 15.)

The best argument that can be gleaned from Petitioner's submission appears to suggest that New York's contemporaneous objection rule as applied by the state appeals courts here was one of the "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee v. Kemna, 534 U.S. 362, 376 (2002). Such a scenario may be identified by considering three "guideposts" set out in Lee: "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had 'substantially complied' with the rule given the 'realities of trial,' and, therefore whether demanding perfect compliance with the rule would serve a legitimate governmental interest."

7

Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee, 534 U.S. at 382).

Consideration of these factors demonstrates that New York's application of its contemporaneous objection rule here did not constitute such a "rare" case. Lee, 534 U.S. at 379. First, because Petitioner did not raise a Confrontation Clause or due process objection during trial, it is entirely speculative whether compliance with the state procedural rule would have produced a different result, as the trial court had no opportunity to consider the relevant constitutional analysis. Second, New York law made clear at the time of Petitioner's trial that any constitutional objection to a trial court ruling must be identified as such in order to avoid "preclude[ing] the trial court and prosecution from considering and, thus, avoiding any constitutional error which . . . differs from the trial evidence error which was preserved." People v. Kello, 96 N.Y.2d 740, 744 (N.Y. 2001); see also N.Y. CRIMINAL PROCEDURE LAW § 470.05(2). Third, despite Petitioner's assertion to the contrary, there is no indication that his trial counsel "substantially complied" with the state contemporaneous objection requirement. Lee, 534 U.S. at 382. Defense counsel's objections at trial focused on state evidentiary rules concerning hearsay and impeachment evidence without emphasizing the defendant's constitutional right to confront witnesses or

8

present a defense. (See State Court Transcript [dkt. no. 9] at 698-717.) As such, the trial court was not alerted to the potential constitutional violation as required by New York's contemporaneous objection rule. See N.Y. CRIMINAL PROCEDURE LAW § 470.05(2).

The state certainly has a "legitimate governmental interest" in requiring constitutional issues to be explicitly raised in a contemporaneous objection, and the application of that rule here does not present the type of "special circumstances" that would render this independent state-law ground inadequate for purposes of federal habeas review. Lee, 534 U.S. at 379, 387. Accordingly, Petitioner's constitutional claims concerning the video evidence were decided on an independent and adequate state ground (i.e., failure to comply with the contemporaneous objection rule) and are procedurally barred from consideration here. See N.Y. CRIMINAL PROCEDURE LAW § 470.05(2); Coleman, 501 U.S. at 729. Because this Court concludes that Petitioner's constitutional claims concerning the videotaped statements are procedurally barred, his specific objection to the merits analysis does not disturb the decision of dismissal.[2]

---

[2] Moreover, Petitioner asserts no compelling authority in support of his argument on the merits, nor can this Court discern any legal basis for his objection. Rather, Petitioner merely conjectures that "had the jury viewed the videotaped statements . . . the jury would have found both [witnesses] totally unworthy of belief." (Objections at 4.)   (cont'd on next page)

9

Third, Petitioner challenges the Report and Recommendation's rejection of his ineffective assistance of appellate counsel claim stemming from his trial counsel's alleged failure to assert a <u>Brady</u> violation. (<u>See</u> Objections at 5-7.) Petitioner first asserts what is essentially an argument that defense counsel should be given the right to determine what evidence meets the materiality standard for <u>Brady</u> disclosures. The Supreme Court, however, has expressly rejected this approach. <u>See</u> <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59 (1987) ("[T]his Court has never held -- even in the absence of a statute restricting disclosure -- that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. . . . Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance."). As such, Petitioner's appellate counsel was entirely reasonable in deciding not to assert such a

---

(cont'd from previous page) Petitioner's objection on the merits of his Confrontation Clause claim ultimately fails because though it may have been more effective to confront the witnesses with videotape instead of the transcript of the taped interviews, the Sixth Amendment "does not guarantee the defense's preferred method of questioning . . . ." <u>Pryor v. Connolly</u>, 460 F. Supp. 2d 530, 537 (S.D.N.Y. 2006); <u>see also</u> <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 678-79 (1986). Similarly, it cannot be said that clearly established federal law requires that a jury be permitted to view a video of inconsistent statements that have already been read from a transcript to ensure a fair trial. <u>See</u> <u>Washington v. Schriver</u>, 255 F.3d 45, 56 (2d Cir. 2001). Accordingly, even if Petitioner's claim were not procedurally barred, it would fail on the merits because the state court's ruling was not "contrary to, or involved unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

10

farfetched argument on appeal. See Mayo, 13 F.3d at 533; Aparicio, 269 F.3d at 95.

Along similar lines, Petitioner next reasserts his claim that the belated disclosure of witness cooperation agreements at trial caused him prejudice and constituted a Brady violation that was "significant and obvious." Mayo, 13 F.3d at 533. As correctly noted in the Report, each witness's cooperation agreements were known to defense counsel and used during cross-examination, and Petitioner fails to explain with any specificity how the alleged delayed disclosure of the contents of those agreements cause him prejudice. (Report & Recommendation at 43-44.) Nevertheless, Petitioner argues that appellate counsel was ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim based on his trial attorney's failure to object to this belated disclosure. Because Petitioner has not demonstrated that the delayed disclosure caused him prejudice, however, it cannot be said that his appellate counsel was ineffective for failing to raise a claim faulting trial counsel for not objecting to that delay. See Mayo, 13 F.3d at 533; Aparicio, 269 F.3d at 95.

Finally, Petitioner objects to Magistrate Judge Freeman's recommendation that the Court decline to issue a certificate of appealability, raising five separate issues on which he claims a certificate should issue. (See Objections at 7-9.) A court

11

should only issue such a certificate where a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified that this standard requires a petitioner to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner's first, third, fourth, and fifth grounds on which he seeks a certificate all concern the viability of his ineffective assistance of appellate counsel claim. Because nothing in any of Petitioner's filings comes close to meeting the high Strickland bar of unreasonable conduct and actual prejudice in the context of an attorney's decision to argue particular issues on appeal, the Court declines to issue a certificate of appealability on that issue. Petitioner's only remaining proposed ground for a certificate of appealability focuses on the exclusion of video evidence at trial. Because Petitioner has failed to raise debatable arguments concerning both the procedural bar to and the substantive inadequacy of this claim, the Court declines to issue a certificate of appealability on this issue.

**CONCLUSION**

Having reviewed Petitioner's objections and finding Magistrate Judge Freeman's decision to be correct and appropriate upon <u>de novo</u> review, <u>see</u> FED. R. CIV. P. 72(b), the Report and Recommendation is hereby ADOPTED. Accordingly, the Petition [dkt. no. 1] is DENIED, and the Clerk of Court shall mark this action closed and all pending motions denied as moot. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated:   New York, New York
         July 14, 2015

_Loretta A. Presley_
LORETTA A. PRESKA
Chief United States District Judge